CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 12, 2013

LETTER TO COUNSEL:

      RE:    *John Faber v. Commissioner, Social Security Administration*;
                  Civil No. SAG-12-1669

Dear Counsel:

On June 6, 2012, the Plaintiff, John Faber, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Faber's response to the Commissioner's motion. (ECF Nos. 15, 18, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Faber filed his claim on November 29, 2006. (Tr. 85-94). He alleged that he became disabled on November 9, 2005. (Tr. 85). His claim was denied initially on February 28, 2007, and on reconsideration on July 5, 2007. (Tr. 58-61, 65-66). A hearing was held on December 18, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 18-47). Following the hearing, January 22, 2009, the ALJ determined that Mr. Faber was not disabled. (Tr. 6-17). After the Appeals Council denied Mr. Faber's request for review (Tr. 1-4), Judge Grimm granted the Commissioner's Consent Motion to Remand for further administrative proceedings. (Tr. 658-59). The Appeals Council vacated the ALJ's decision, and remanded Mr. Faber's claim to the ALJ. (Tr. 660-63). On remand, the ALJ held another hearing on July 28, 2011. (Tr. 572-99). On November 9, 2011, the ALJ again determined that Mr. Faber had not been disabled at any time since November 9, 2005 (Tr. 554-66). The Appeals Council denied Mr. Faber's request for review (Tr. 540-43), so the ALJ's 2011 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Faber suffered from several severe impairments, including reflex sympathetic dystrophy/complex regional pain syndrome (RSD/CRPS), obesity, and depression. (Tr. 557). Despite these impairments, the ALJ determined that Mr. Faber retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except he is limited to simple routine work and should avoid hazards.

(Tr. 558). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Faber can perform jobs that exist in significant numbers in the national economy, and that he is therefore not disabled. (Tr. 564-65).

Mr. Faber presents four arguments on appeal. First, he contends that the ALJ failed to identify and analyze Listing 1.04. Second, he argues that the ALJ failed to adequately evaluate his obesity. Third, Mr. Faber argues that the ALJ improperly assigned little weight to the opinion of Dr. Yadhati. Lastly, he contends that the ALJ afforded too much weight to the opinions of Dr. Jensen and Dr. Hakkarinen. Each argument lacks merit.

Mr. Faber first argues that the ALJ failed to identify and analyze Listing 1.04(A). In fact, however, the ALJ specifically compared Mr. Faber's diagnosis and condition to "the criteria of Section 1.00, applicable to musculoskeletal impairments." (Tr. 557). Further, to meet Listing 1.04(A), a claimant must provide evidence of (1) nerve root compression characterized by neuro-anatomic distribution of pain, (2) limitation of movement of the spine, (3) motor loss accompanied by sensory or reflex loss, and if there is involvement of the lower back, (4) positive straight-leg raising. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that their impairment meets or equals a listed impairment. *See Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). Mr. Faber has not cited, nor can this Court find, any evidence that his back impairment has caused motor loss.[1] Similarly, Mr. Faber only highlights Dr. Peimer's report to support his argument that he has demonstrated positive straight-leg raising. Pl. Mot. 14. However, Dr. Peimer stated that "[s]traight leg raising is probably negative." (Tr. 867). Dr. Jensen's report, which was given great weight by the ALJ, found that "straight leg raising was painless to 90 degrees bilaterally in the seated position." (Tr. 387). This evidence was discussed by the ALJ. (Tr. 560, 561). In addition, Mr. Faber cites Dr. Yadhati's report, finding that Mr. Faber cannot twist, stoop, bend, or crouch, to support his argument that he has a limited range of motion in his spine. Pl. Mot. 14. As explained more thoroughly below, the ALJ properly assigned little weight to Dr. Yadhati's opinions. Also, Dr. Peimer found that Mr. Faber had a "fairly good range of motion" in his lower back (Tr. 867), and as the ALJ consistently notes, Mr. Faber is able to complete range of motion exercises. *See, e.g.*, Tr. 563, 564. Mr. Faber has not cited, nor can this Court find, any additional evidence to support his argument that he is limited in movement of his spine. Accordingly, even if the ALJ did err by failing to specifically cite Listing 1.04 in his opinion, the error was harmless.

Mr. Faber also contends that the ALJ failed to adequately evaluate his obesity. This

---

[1] Moreover, the ALJ's initial 2009 opinion explained that he had considered Mr. Faber's RDS/CRPS under Sections 1.00, and noted that Mr. Faber failed to show "the requisite level of disorganization of motor function necessary to meet these listings." (Tr. 12). Although not reiterated in the 2011 opinion, that statement demonstrates that the ALJ appropriately analyzed Listing 1.04(A). In fact, Mr. Faber essentially concedes that the Listing "criteria may not have been precisely met." Pl. Mot. 6. He cites no evidence from any physician to suggest or establish that his condition medically equals the Listing in severity.

argument is erroneous because the ALJ relied on Dr. Jensen's report in creating Mr. Faber's RFC (Tr. 563), and Dr. Jensen was clearly aware of Mr. Faber's obesity upon physical examination. (Tr. 385, 386). The ALJ also relied on the Dr. Hakkarinen's report (Tr. 563), which limited Mr. Faber's RFC because of his obesity. (Tr. 393). By adopting those reports, the ALJ properly considered Mr. Faber's obesity. *See Hynson v. Astrue*, Civil Action No. TMD-10-175M, 2011 WL 2175035, at *4 (D. Md. June 2, 2011) (holding that the ALJ sufficiently considered the claimant's obesity by adopting a physician's report that accounted for the claimant's obesity). In addition, although Mr. Faber argues that his obesity should have been considered in conjunction with his other impairments, he does not argue that his obesity causes any specific limitations beyond those found by the ALJ. Therefore, Mr. Faber's argument also fails because the he has not met his burden of demonstrating that his obesity further affects his ability to engage in work-related activity. *See George v. Astrue*, Civil Action No. TMD-10-2165, 2013 WL 877120, at *4 (D. Md. Mar. 7, 2013).

Third, Mr. Faber argues that the ALJ improperly assigned little weight to the opinion of Dr. Yadhati, his treating pain management doctor. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Dr. Yadhati opined that Mr. Faber could only work four hours a day for four days a week. (Tr. 536). The ALJ explained that he gave little weight to Dr. Yadhati's opinions because they were not consistent with the relevant medical record, and were inconsistent with Dr. Yadhati's own treatment notes. (Tr. 563). The ALJ reasoned that Dr. Yadhati's notes indicate that Mr. Faber's pain is stable with conservative treatment, he continues to swim and exercise, and his activities of daily living have improved. *Id.* Moreover, the ALJ relied on Dr. Jensen's report, which found that Mr. Faber (1) was able to move around the examination room without difficulty, (2) appeared to sit comfortably throughout the examination, and (3) manifested a full range of motion in all four extremities. (Tr. 560). Dr. Jensen further found that Mr. Faber's left foot impairment would limit his ability to stand for prolonged periods and to walk significant distances, but noted that standing and walking short distances frequently would not be impossible. (Tr. 388). Accordingly, the ALJ's assignment of little weight to Dr. Yadhati's opinions is supported by substantial evidence.

In a similar vein, Mr. Faber contends that the ALJ erred by assigning great weight to Drs. Jensen and Hakkarinen. Specifically, Mr. Faber argues that the ALJ failed to cite any medical evidence supporting the opinions of those doctors. Pl. Mot. 27. However, the ALJ fully explained Dr. Jensen's findings, as discussed more thoroughly above, and highlighted notes written by Dr. Yadhati that were consistent with Dr. Jensen's findings. (Tr. 560-61, 562, 563). Dr. Hakkarinen expressly noted his reliance on Dr. Jensen's opinions. (Tr. 393). Therefore, the ALJ did not err by assigning great weight to Drs. Jensen and Hakkarinen.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge